**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4521**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEAN PATRICK OSWELL,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Timothy M. Cain, District Judge. (7:16-cr-00173-TMC-1)

Submitted: February 5, 2018                    Decided: February 9, 2018

Before GREGORY, Chief Judge, and WILKINSON and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven M. Hisker, HISKER LAW FIRM, PC, Duncan, South Carolina, for Appellant. Jamie L. Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Patrick Oswell pled guilty without a written plea agreement to using a minor to engage in sexually explicit conduct in order to produce child pornography, 18 U.S.C. § 2251(a) (2012), and was sentenced to 262 months in prison. Oswell appeals. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court complied with Fed. R. Crim. P. 11 but stating that there are no meritorious issues for appeal. Oswell was advised of his right to file a pro se brief but has not filed such a brief. We affirm.

We conclude that Oswell's guilty plea was knowing and voluntary. Oswell stated at the Rule 11 hearing that he was not under the influence of drugs or alcohol, was 51 years old, had a tenth-grade education, and understood the nature of the proceedings. He expressed complete satisfaction with his attorney's services. A factual basis for the plea was presented to the court, Oswell stated that the factual basis was accurate, and he admitted his guilt. Finally, the district court fully complied with the requirements of Rule 11.

With respect to sentencing, the court properly calculated Oswell's Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors and the arguments of the parties, and provided a sufficiently individualized assessment based on the facts of the case. In imposing sentence, the court remarked on the seriousness of the offense, noting the ongoing nature of the abuse perpetrated on the victim and stating that such crimes are toxic and corrosive. We hold that the within-Guidelines sentence is procedurally and

substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009).

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm Oswell's conviction and sentence. This court requires that counsel inform Oswell, in writing, of the right to petition the Supreme Court of the United States for further review. If Oswell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Oswell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*